WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Lee Sanders,<br>　　　　　Petitioner,<br>v.<br>Charles L. Ryan, et al.,<br>　　　　　Respondents. | No. CV 17-01924-PHX-GMS (ESW)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R") (Doc. 21) and Petitioner Christian Lee Sanders's objections to that R&R. (Doc. 22). For the following reasons, the R&R will be adopted and Sanders's Petition for relief will be denied.

## BACKGROUND

Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background as an accurate account. (Doc. 21 at 1–2). Magistrate Judge Willett recommends that Sanders' Petition be denied. (Doc. 21 at 8–9). Sanders objected to the conclusions of the R&R, arguing that a fundamental miscarriage of justice will result if the Court does not consider the merits of his claim. (Doc. 22 at 4). But because the R&R correctly analyzed his claims, his petition for habeas corpus will be denied.

## DISCUSSION

**I.　Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district

judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.    Analysis**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of petitions for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244 *et seq*. For a state prisoner to receive review of his federal claims in federal court, he must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A).

To exhaust state remedies, a prisoner must "fairly present" his claims to the appropriate state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). A prisoner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citations and internal quotation marks omitted). If a prisoner fails to fairly present his claims to the proper state court, his claims are procedurally defaulted and barred from habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). In Arizona, a petitioner does not exhaust a claim for purposes of federal review unless he has presented it to the state Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004).

If a claim is procedurally defaulted, a petitioner may overcome that procedural bar by demonstrating a fundamental miscarriage of justice. To demonstrate a fundamental miscarriage of justice, a petitioner must demonstrate that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schulp v. Delo*, 513 U.S. 298,

327 (1995). Generally, to prove a fundamental miscarriage of justice, a petitioner must point to new reliable evidence that could support a finding of actual innocence. *Id.* at 324–325.

**A.    Sanders Did Not Present His Claims to the Arizona Court of Appeals**

Sanders filed two separate post-conviction relief petitions in the Maricopa County Superior Court. Both petitions were not filed correctly with the Arizona Court of Appeals.

Magistrate Judge Willett correctly concluded that all of Petitioner's claims are procedurally defaulted. The first post-conviction relief petition filed in the trial court alleged that his guilty plea was wrongfully induced. That claim is now included in Grounds Three and Four of Sanders' petition before this Court. (Doc. 1 at 8–9). On June 17, 2016 the Maricopa County Superior Court denied Sanders's Motion for Reconsideration. (Doc. 13-3 at 105). Under Arizona Rule of Criminal Procedure 32.9(c), Sanders had thirty days to petition the Arizona Court of Appeals, but did not file a petition for review until August 1, 2016. The Arizona Court of Appeals dismissed Sanders's first post-conviction relief petition as untimely. (Doc. 13-3 at 99). Because Sanders failed to present Grounds Three and Four to the Arizona Court of Appeals, those claims are procedurally defaulted. *Ylst*, 501 U.S. at 802.

Sanders's second post-conviction relief petition alleged that the trial court violated his right to be represented by counsel throughout all of his proceedings and the "unconstitutional use of a perjured testimony." These are now Grounds One and Two of Sanders' Petition in this Court. (Doc. 1 at 6–7). Petitioner acknowledges that he did not even appeal the trial court's decision rejecting his second post-conviction relief petition. (Doc. 1 at 6–7). Grounds One and Two are therefore unexhausted. And because Rule 32.9(c) requires a defendant to file an appeal within thirty days of the trial court decision, petitioner could not now return to state court to file his claim. Therefore, Grounds One and Two are also procedurally defaulted.

/ / /

/ / /

### B. Sanders Has Not Excused His Procedural Default

In his objections to Magistrate Judge Willett's R&R, Sanders argues that a fundamental miscarriage of justice will result if the Court does not review his claims on the merits. (Doc. 22 at 4). Petitioner has not pointed to any evidence in the record from which a Court could conclude that he was innocent. The Court has conducted an additional review of the record and found that no evidence shows of a constitutional violation that has probably resulted in the conviction of an innocent man. Thus, Sanders has not demonstrated that the miscarriage of justice exception is applicable, and his procedural default is unexcused.

### CONCLUSION

Magistrate Judge Willett correctly determined that the grounds for relief in Sanders's Petition for the Writ of Habeas Corpus are procedurally barred. The Court will accordingly deny the petition for a Writ of Habeas Corpus.

**IT IS ORDERED** that Magistrate Judge Willett's R&R (Doc. 21) is adopted.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** that the request for a Certificate of Appealability and leave to proceed in forma pauperis on appeal is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 8th day of March, 2019.

_____
G. Murray Snow
Chief United States District Judge